OPINION OF THE COURT
Stanley Green, J.
*290 This motion by defendants and third-party plaintiffs for a final judgment in favor of defendants and third-party plaintiffs against third-party defendants in the sum of $700,000 plus interest from April 25, 1997 to the date the judgment is signed is granted to the extent that the parties are directed to appear for a hearing to determine the cost of a structured judgment pursuant to CPLR article 50-B in Trial Term 12 on December 18, 1997 at 9:30 a.m.
The cross motion by third-party defendants to stay enforcement of any judgment pursuant to CPLR 2201, vacate the judgment entered on August 25, 1997 and dismiss the third-party plaintiff’s claim for contribution pursuant to General Obligations Law § 15-108 (c) or, in the alternative, vacate, resettle and restructure the August 25, 1997 judgment pursuant to CPLR article 50-B is denied except that all parties shall appear for a hearing as noted above.
This is a negligence case in which plaintiff sustained serious injury when the vehicle in which he was a passenger collided with another car. Plaintiff sued the owner and driver of the other car, defendants Kenneth R. Weiser and Harold M. Weiser. Defendants brought a third-party action against the New York City Health and Hospitals Corporation, plaintiffs employer and the owner of the vehicle he was in, and James W. Alago, the driver of that vehicle. After trial before this court and a jury, a verdict was rendered on October 10, 1996 in favor of the plaintiff in which the jury found defendants 50% liable and third-party defendants 50% liable. The jury awarded the following damages:
(a) Injury and pain and suffering to date (b) Pain and suffering in the future (c) Lost earnings to date (d) Lost earnings in the future (e) Medical expenses in the future $ 14,400.00 $529,920.00 $134,292.00 $1,199,833.82 $518,088.00
Future damages for pain and suffering, lost earnings and medical expenses were intended to provide compensation for 36.8 years. The total award was $2,393,533.82.
By order dated January 27, 1997, plaintiffs motion to increase the ad damnum clause was granted, third-party defendants’ motion to set aside the verdict was denied and defendants’ motion to set aside the verdict was granted to the extent that a new trial was ordered unless plaintiff agreed to a reduced verdict for pain and suffering.in the future of $300,000 and for future medical expenses of $257,600. The plaintiff *291 agreed to these reductions by stipulation dated February 10, 1997.
On March 27, 1997, I signed a judgment which reflected the jury’s verdict, the reduced amounts for future pain and suffering and medical expenses and an offset for workers’ compensation payments. The judgment also indicated that the verdict had been adjusted pursuant to CPLR article 50-B, but it reflected only total amounts and not the yearly payments or any other specifics. The total judgment is for $1,676,604. No counterjudgment was submitted. The judgment also gave defendants judgment over against third-party defendants in the amount of 50% of the sum paid to plaintiff plus interest. The judgment was submitted by stipulation between plaintiff and defendants and without notice to the third-party defendants.
After the judgment was signed, but before it was entered, plaintiff and defendants agreed to settle the case for the sum of $1,400,000. On March 31, 1997, defendants sent a copy of the judgment to third-party defendants and advised them that plaintiff and defendants had agreed to a settlement for $1,400,000 and that defendants were seeking $700,000 contribution from third-party defendants. Defendants paid $900,000 on April 8, 1997 and $500,000 on or before April 25, 1997, when a satisfaction of judgment was executed.
The judgment was entered on August 25,1997. On September 27, 1997, third-party defendants filed a notice of appeal from the judgment dated March 27, 1997 and entered on August 25, 1997. The grounds for the appeal, as stated in the preargument statement, are limited to the issue of the effect of the settlement between the plaintiff and defendants and raise no issue regarding the liability or damages determinations of the jury or the court or the accuracy of the article 50-B reductions contained in the judgment.
The third-party defendants contend that defendants have waived any rights to contribution by settling with the plaintiff prior to entry of judgment, citing General Obligations Law § 15-108 (c) and the case of Rock v Reed-Prentice Div. of Package Mach. Co. (39 NY2d 34 [1976]). General Obligations Law § 15-108 (c) provides: “Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.”
The Court of Appeals, in Rock v Reed-Prentice (supra, at 41), held that General Obligations Law § 15-108 (c) “has no application to a claim for contribution which has been litigated *292 and reduced to judgment.” “The over-all scheme and purpose of the section [General Obligations Law § 15-108] is to promote settlements in multiple-party tort cases by clearly defining the effect the settlement will have on collateral rights and liabilities in future litigation. There is nothing at all to suggest that this statute was ever intended to nullify a pre-existing judgment.” (39 NY2d, at 41.) While the judgment in Rock had apparently been entered prior to the settlement between the plaintiff and defendant, contrary to third-party defendants’ contention, the decision does not suggest that entry of the judgment was critical.
In Orsini v Kugel (9 F3d 1042 [2d Cir 1993]), the United States Court of Appeals for the Second Circuit was presented with the issue raised herein. After a jury verdict, but before entry of the judgment, one set of liable defendants settled with the plaintiff. Judgment was entered and the personal injury settlement was effectuated by a satisfaction of judgment. The settling defendants then obtained a judgment against the non-settling liable defendants for their proportionate share of the settlement. The court, in resolving the assertions by the non-settling defendants that the settling defendants had waived their right to contribution pursuant to General Obligations Law § 15-108 (c), predicted that the New York Court of Appeals would apply the Rock rule and permit the cross claim for contribution to go forward and, therefore, affirmed the District Court’s enforcement of New York’s contribution rights.
While money voluntarily paid constitutes a waiver of contribution rights, “[a] tortfeasor who settles after a determination of culpability and damages, however, is not a volunteer in any sense: ‘The existence of a money judgment, founded on a determination by the fact finder, establishes an obligation which is met when the parties enter into a settlement, even though that settlement is less than the judgment * * * [T]he postjudgment settlor is not a volunteer, even where the settlement discharges the obligations to the plaintiff of other tort-feasors, because his interest in the lawsuit has become more than that of a mere litigant, but that of judgment debtor.’ ” (Orsini v Kugel, 9 F3d, supra, at 1047, citing Makeun v State of New York, 98 AD2d 583, 589-590.)
Third-party defendants have cited no New York cases which stand for the proposition that satisfaction of an unentered judgment constitutes a waiver. In both Lettiere v Martin El. Co. (48 NY2d 662) and Gonzales v Armac Indus. (81 NY2d 1), *293 the parties had actually settled prior to the trial. That is not what happened in this case.
Clearly, payment here was made as satisfaction of a judgment and not as a settlement to limit future liability. General Obligations Law § 15-108 (c) does not apply and third-party defendants are obligated to pay their equitable share of the settlement.
There is no indication that third-party defendants were put on notice of the submission of the judgment for signature. Plaintiff and defendants stipulated to the terms of the judgment and the judgment does not contain a notice of settlement. Third-party defendants claim that the amount paid is more than the cost of a structured judgment. However, the Court of Appeals has already determined that the statutory 4% per annum increases for periodic future payments (CPLR 5041) must be used in determining the cost of the structured judgment. (Rohring v City of Niagara Falls, 84 NY2d 60.) The failure to increase payments by 4% per annum appears to be the basis for the difference between the costs of the structured judgments presented by defendants and third-party defendants.