■ ADRIAN WILLIAMS, Plaintiff, v KENNETH R. WEISER et al., Respondents and Third-Party Plaintiffs-Respondents. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Third-Party Defendants-Appellants. [687 NYS2d 54] —Judgments (two papers), Supreme Court, Bronx County (Stanley Green, J.), entered on or about August 25, 1997 and on or about June 3, 1998, after a jury trial, *inter alia*, entitling plaintiff to recover from defendants damages structured pursuant to CPLR article 50-B and entitling defendants to recover 50% of the damages paid by them to plaintiff from the third-party defendants, and bringing up for review orders (two papers), same court and Justice, entered on or about November 21, 1997 and on May 21, 1998, which, *inter alia*, denied third-party defendants' cross motion to vacate the August 25, 1997 judgment and to dismiss defendants' claims for contribution in the third-party action, or, in the alternative, to vacate and resettle said judgment, and determined that defendants and third-party plaintiffs were entitled to recover from third-party defendants 50% of the amount paid by third-party plaintiffs pursuant to their post-judgment settlement of the main action, unanimously affirmed, without costs. Appeals from the aforesaid orders unanimously dismissed, without costs, as subsumed within the appeals from the aforesaid judgments.

Defendants' right to contribution from the joint tortfeasor third-party defendants, pursuant to CPLR article 14, was not extinguished when defendants settled the case after a judgment determining both liability and damages was signed but before it was entered (General Obligations Law § 15-108 [c]; *Orsini v Kugel*, 9 F3d 1042, 1048; *see also, Makeun v State of New York*, 98 AD2d 583, 590). Further, the IAS Court did not err in signing the judgment disposing of the main action without notifying third-party defendants. The subject judgment, awarding damages structured pursuant to CPLR article 50-B, was not one requiring the consent of third-party defendants pursuant to CPLR 5041 (f), and, in any event, third-party defendants have made no showing that settlement of the main action judgment in their absence was prejudicial to them, much less that there are grounds warranting vacatur of that judgment or the subsequent judgment in the third-party action. Concur—Sullivan, J. P., Lerner, Andrias and Saxe, JJ. [*See,* 175 Misc 2d 289.]